MARY ADAMS ET AL. v. ED. KAUFMAN.

No. 920.

**1.  Homestead—Dedication—Deed of Trust.**

Where the owners of land situated in Texas reside in another State, and have never occupied or dedicated the land as their homestead, they cannot avoid their deed of trust thereof on the ground that the property is their homestead.

**2.  Limitations—Power of Sale.**

The power of sale in a trust deed is not revoked by the fact that limitation has barred the notes secured by such deed.

APPEAL from Fort Bend. Tried below before Hon. T. S. REESE.

*F. F. Chew, Sr.,* for appellants.

*Scott, Levi & Smith,* for appellee.

WILLIAMS, ASSOCIATE JUSTICE.—This action was instituted by appellants to cancel a deed of trust on the land in controversy, executed by W. F. Adams, the husband, on the 12th day of December, 1884, to A. S. Mair, trustee, to secure notes of same date amounting to $1,500, given by Adams to appellee for money borrowed of him. The ground on which it was sought to avoid the deed was the alleged fact that at the date of its execution the land was the homestead of plaintiffs.

The deed provided for a sale of the land by the trustee or substitute in Galveston County. A sale was made under it by a substitute in Fort Bend County in 1893, and the land was purchased by appellee for $615. Afterwards, on June 5, 1894, a second sale was made in Galveston County and the property was again bought by appellee for $685, for which W. F. Adams received credit. Appellee in his answer, in addition to a plea putting in issue the facts on which appellants sought to avoid the deed, set up his title under his purchase and asked for judgment for the land. The cause was tried by the court without jury, and judgment was rendered that plaintiffs take nothing and that the defendant recover the land.

The assignments question the correctness of the judge's conclusions of fact to the effect that, before the execution of the deed of trust, the plaintiffs had never occupied, used or dedicated the place in controversy as their homestead. The court found that, prior to and at the time of the execution of the deed, plaintiffs resided in New York, and that, if they had formed any intention of making a home upon the land,

they had done no act sufficient to give notice of such purpose. These findings, we think, are amply sustained by the evidence. It is unnecessary for us to restate the facts which are carefully and with substantial accuracy, so far as material, collected in the findings of the district judge.

The court also held that the sale made in Fort Bend County was void, and that made in Galveston County was valid. No question is made as to the validity of either sale, except such as arises as to the place where it was made, and the fact that the debt was barred by limitation before any attempt was made to execute the power of sale.

*Conclusions of Law.*—1. Plaintiffs having their residence in New York at the time the deed was executed, and not having occupied or dedicated the land as their homestead, the deed was valid.

2. The power of sale was not revoked by the fact that the notes were barred, but could be exercised in the mode pointed out by the deed.

3. The sale in Galveston County, being made in conformity with the requirements of the deed, was valid. The sale in Fort Bend County was void. But as appellee was purchaser at both sales, it seems to be immaterial in this controversy which sale was the regular and legal one.

4. The court properly rendered judgment for defendant for the land upon his plea in reconvention.

*Affirmed.*

Delivered October 10, 1895.

Writ of error refused.